UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GANIYU JAIYEOLA,

    Plaintiff,                                        Hon. Janet T. Neff

v.                                                       Case No. 1:17-cv-562

TOYOTA MOTOR
NORTH AMERICA. INC., et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff's Motion to Remand. (ECF No. 8). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Plaintiff's motion be **denied**.

## BACKGROUND

On November 22, 2016, Plaintiff initiated in Ionia County Circuit Court legal action against: (1) Toyota Motor North America, Inc.; (2) Toyota Motor Corporation, Ltd.; (3) Toyota Motor Corporation; (4) Toyota Motor Engineering & Manufacturing North America, Inc.; (5) Toyota Motor Sales U.S.A., Inc.; (6) Aisan Industry Co., Ltd.; (7) Toyota of Grand Rapids; (8) Rostra Precision Controls, Inc.; (9) Burdick Toyota; and (10) Bosch Automotive Service Solutions Inc.  (ECF No. 1). On June 20, 2017, Defendants Toyota Motor Corporation (TMC) and Aisan Industry Co., Ltd. (Aisan) removed the matter to this Court on the basis of diversity jurisdiction.  Plaintiff now moves to remand the matter to state court.

## ANALYSIS

Federal district courts have original jurisdiction of all civil actions "arising under the Constitution, laws, or treaties of the United States" as well as actions where the amount in controversy exceeds $75,000 and is between citizens of different states. 28 U.S.C. §§ 1331, 1332. Any civil action asserted in a state court over which a federal district court has original jurisdiction, "may be removed by the defendant. . .to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Defendants, as the party seeking removal, "bear[] the burden of demonstrating federal jurisdiction, and all doubts should be resolved against removal." *Harnden v. Jayco, Inc.*, 496 F.3d 579, 581 (6th Cir. 2007).

Plaintiff asserts in this action several state law claims and seeks damages in excess of one hundred thousand dollars. Plaintiff alleges that he is a citizen of Michigan. With respect to Defendants' citizenship, Plaintiff alleges that Defendants Toyota of Grand Rapids and Bosch Automotive Service Solutions Inc. are Michigan citizens with the remaining Defendants being citizens of different states or countries. Thus, as of the date Plaintiff initiated this action, jurisdiction did not properly lie in this Court either on the basis of a federal question or diversity of the parties. Federal law contemplates, however, that a case which is not removable at inception may become removable due to subsequent developments. Specifically, federal law, in relevant part, provides:

> if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

28 U.S.C. § 1446(b)(3).

Defendants TMC and Aisan removed the matter to this Court on June 20, 2017, on the basis of diversity jurisdiction. *See* 28 U.S.C. § 1332. There is no dispute that there exists complete diversity between Plaintiff and these particular defendants. Likewise, there is no dispute that the amount in controversy is greater than seventy-five thousand dollars ($75,000). Thus, the question becomes whether this matter, in fact, became removable, when such occurred, and whether Defendants' removal to this Court was timely.

Prior to removal, state law concerning service of process governs. *See, e.g., Johnson v. Skolski*, 2007 WL 141961 at *3 (E.D. Mich., Jan. 16, 2007). Michigan law provides that "[o]n the filing of a complaint, the court clerk shall issue a summons" which is to be served with the complaint on a defendant. Mich. Court Rule 2.102(A). Under Michigan law, "[a] summons expires 91 days after the date the complaint is filed"; however, the court "may order a second summons to issue for a definite period not exceeding 1 year from the date the complaint is filed." Mich. Court Rule 2.102(D). Michigan law does not authorize a court to "issue a third summons or to extend the life of the second" summons. *Kang v. Li*, 2017 WL 359728 at *2 (Mich. Ct. App., Jan. 24, 2017). If the summons expires before service can be effected, "the action is deemed dismissed without prejudice" as to such defendant. Mich. Court Rule 2.102(E). While the Michigan Court Rules instruct the clerk to "enter an order dismissing the action as to a defendant who has not been served with process or submitted to the court's jurisdiction," the Rules further provide that "[t]he clerk's failure to enter a dismissal order does not continue an action deemed dismissed." Mich. Court Rule 2.102(E)(2); *see also*, *Moore v. Federal Express Corp.*, 2014 WL 5465563 at *3 (E.D. Mich., Oct. 28, 2014) (dismissal under Mich. Court Rule 2.102(E) is "self-executing").

The initial summonses that were issued to Plaintiff provided that service must be effected no later than February 21, 2017. The court later issued to Plaintiff second summonses which provided that service must be effected no later than May 21, 2017. Defendants TMC and Aisan assert that they were served on March 7, 2017. Defendants TMC and Aisan assert that none of the other eight Defendants were served by the May 21, 2017 deadline. Plaintiff offers no evidence to the contrary. Moreover, the evidence Plaintiff has submitted, copies of emails between Plaintiff and the process servers he hired, indicates that as of June 3, 2017, service had still not been effected on the other eight Defendants. Pursuant to Michigan law, therefore, Plaintiff's failure to timely effect service on the eight Defendants in question resulted in the dismissal of Plaintiff's claims against these particular Defendants. *See, e.g., Hertel v. Mortgage Electronic Registration Systems, Inc.*, 2012 WL 4754964 at *2-3 (W.D. Mich., Oct. 4, 2012). Following the dismissal of these eight Defendants, therefore, there existed complete diversity between Plaintiff and Defendants TMC and Aisan. Moreover, as previously noted, Plaintiff is seeking more than $75,000 in damages and Defendants TMC and Aisan removed the matter to this Court within 30 days of the case becoming removable due to the dismissal of the other eight defendants. Accordingly, removal of this action to this Court appears appropriate.

Plaintiff advances two arguments in support of his request for remand, neither of which is persuasive. First, Plaintiff argues that remand is proper because not all defendants agreed to remove the matter to this Court. Plaintiff is correct that all defendants in an action must consent to its removal to federal court. *See, e.g., Loftis v. United Parcel Service, Inc.*, 342 F.3d 509, 516 (6th Cir. 2003). However, as discussed above, when Defendants TMC and Aisan removed the matter to this Court they were the only two defendants remaining in this matter. Thus, all the defendants in this matter have consented to removal. Second, Plaintiff argues that his failure to timely serve the other eight Defendants

should be excused because such is the fault of the process server he hired. Plaintiff has identified no authority that under Michigan law failure to timely serve a defendant is excused on the ground that the third party tasked with effecting service failed to timely do so. Nevertheless, there remain two analytical hurdles Defendants must overcome to defeat Plaintiff's motion.

   First, as noted above, to later remove a case which was not originally removable, there must exist "an amended pleading, motion, order or other paper" demonstrating that the case has become removable thereby triggering the 30 day window to effect removal. 28 U.S.C. § 1446(b)(3). This requirement is designed, at least in part, to prevent "protective removals by defendants faced with an equivocal record." *See, e.g., State Farm Fire and Casualty Co. v. Valspar Corp., Inc.*, 824 F.Supp.2d 923, 930-31 (D.S.D. 2010). Likewise, requiring defendants to base removal on information in a tangible document makes it much easier for courts to determine whether a defendant timely and/or properly removed a matter to federal court. *Ibid*.

   Defendants have identified no such pleading, motion, order or other paper. In the Court's estimation, however, such does not constitute a fatal defect. The Sixth Circuit has indicated that the term "other paper" is to be interpreted expansively and encompasses verbal information such as a deposition response. *Berera v. Mesa Medical Group, PLLC*, 779 F.3d 352, 363-66 (6th Cir. 2015); *see also, Beasley v. Personal Finance Corp.*, 279 B.R. 523, 531 (S.D. Miss. 2002) ("[n]or must 'other paper' be paper"). As the Sixth Circuit has suggested, the requirement that removal be based upon information in a tangible document is premised on the notion that the time period to remove a case to federal court does not begin until or unless the defendant has "actual notice" that the case is removable as opposed to speculation or subjective belief. *See Berera*, 779 F.3d at 364.

As discussed herein, the dismissal of the eight unserved Defendants occurred automatically pursuant to Michigan law. While it would have been preferable for Defendants TMC and Aisan to obtain from the state court a formal order indicating that the eight Defendants in question had been dismissed from the case, such was neither required nor necessary. Plaintiff's failure to timely serve the Defendants in question is an objective fact which resulted in the automatic dismissal of said Defendants. The Court finds that such constitutes "actual notice" that the case was removable and satisfies the "other paper" requirement articulated by federal statute.

Finally, the Court must address the "voluntary-involuntary rule." Simply stated, this rule provides that, in cases asserting only state law claims where there does not exist complete diversity from the outset, the "plaintiff must take some voluntary action to create diversity jurisdiction where it previously did not exist." *Sanders v. Arctic Cat, Inc.*, 2016 WL 1409212 at *3 (N.D. Ohio, Apr. 11, 2016); *see also*, Wright, Miller, Cooper & Steinman, Federal Practice and Procedure: Civil 4th § 3723. This requirement "is meant to safeguard the integrity of federal jurisdiction," *Sanders*, 2016 WL 1409212 at *3, and is intended to prevent removal where a defendant manipulates the citizenship of the parties to create complete diversity where it otherwise did not exist. *See*, Wright, Miller, Cooper & Steinman, Federal Practice and Procedure: Civil 4th § 3723. It is further intended to prevent removal "when the non-diverse party was eliminated by a state court order that might be reversed on appeal." *Ibid*.

Such concerns are not present here. This matter became removable not through any action by Defendants, but instead through operation of Michigan law as a result of Plaintiff's conduct. When Plaintiff initiated this action in state court, he knew (or should have known) that failure to timely effect service on a defendant would automatically result in their dismissal. Plaintiff's failure to timely

effect service on the defendants in question is analogous to a plaintiff agreeing to voluntarily dismiss his claims against a defendant which does not preclude removal on diversity grounds.  *See, e.g., Caterpillar Inc. v. Lewis*, 519 U.S. 61 (1996); Wright, Miller, Cooper & Steinman, Federal Practice and Procedure: Civil 4th § 3723.  Also, this is not a case in which certain defendants, on whom service has been effected, are seeking removal despite the fact that there are unserved defendants still present in the case, a circumstance which would preclude removal.  *See, e.g., New York Life Ins. Co. v. Deshotel*, 142 F.3d 873, 883-84 (5th Cir. 1998).  Rather, this is a circumstance in which following the dismissal of non-diverse defendants, the matter was removed based upon the existence of complete diversity.

      Likewise, there is no concern that the state court dismissal which rendered this case removable will be overturned on appeal.  Pursuant to Michigan Court Rules, the dismissal of the eight unserved defendants can be set aside only if three conditions are satisfied: (1) service was, in fact, effected prior to the expiration of the summons or the defendant submitted to the court's jurisdiction; (2) proof of service was filed or the failure to file such is excused for good cause shown; and (3) the motion to set aside the dismissal was filed "within 28 days after notice of the order of dismissal was given, or, if notice of dismissal was not given, the motion was promptly filed after the plaintiff learned of the dismissal."  Mich. Court Rule 2.102(F).  As Michigan courts have held, these requirements are to be interpreted literally and are not subject to interpretation.  *See, e.g., Garcia v. Kaluzny*, 2000 WL 33539431 at *1 (Mich. Ct. App., Jan. 7, 2000).  There is no indication by Plaintiff that he satisfies any of these requirements, let alone all three.

**CONCLUSION**

As discussed herein, the undersigned finds that this matter became removable on May 22, 2017, by virtue of Plaintiff's failure to effect service on the non-diverse defendants. Defendants TMC and Aisan timely removed the matter to this Court on June 20, 2017. The undersigned recommends, therefore, that Plaintiff's Motion to Remand, (ECF No. 8), be **denied**.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

                                                  Respectfully submitted,

Date: July 26, 2017                                   /s/ Ellen S. Carmody
                                                            ELLEN S. CARMODY
                                                            United States Magistrate Judge