UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GANIYU AYINLA JAIYEOLA,

    Plaintiff,

v.

TOYOTA MOTOR NORTH
AMERICA, INC., et al.,

    Defendants.
_____/

Case No. 1:17-cv-562

HON. JANET T. NEFF

## OPINION AND ORDER

On June 20, 2017, Defendants Toyota Motor Corporation (TMC) and Aisan Industry Co., Ltd. (Aisan) removed this case to federal court on the basis of diversity jurisdiction. Plaintiff filed a Motion to Remand the case to state court (ECF No. 10), based on Defendants' alleged defective removal. The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R & R) (ECF No. 14), recommending that Plaintiff's Motion be denied. The matter is before the Court on Plaintiff's Objection (ECF No. 12) to the Report and Recommendation. Also pending is Plaintiff's related Motion for Reconsideration (ECF No. 19) of this Court's Order terminating certain Defendants (ECF No. 18). The Court has performed de novo consideration of those portions of the Report and Recommendation to which objection has been made. *See* 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3). The Court denies the Objection and the Motion for Reconsideration.

Plaintiff argues that the Magistrate Judge erred in concluding that the removal by Defendants TMC and Aisan was proper. Plaintiff contends that the Magistrate Judge incorrectly,

*sua sponte* relied on the state court's order dismissing the remaining Defendants as "actual notice" to Defendants TMC and Aisan, triggering the statutory 30-day window for them to effect removal of this case to federal court. Plaintiff's argument is without merit.

The Magistrate Judge observed that "to later remove a case which was not originally removable, there must exist 'an amended pleading, motion, order or other paper' demonstrating that the case has become removable thereby triggering the 30 day window to effect removal" (R & R, ECF No. 14 at PageID.285, citing 28 U.S.C. § 1446(b)(3)). The Magistrate Judge noted, however, that the failure to specifically identify a pleading, motion, order or other paper was not fatal to the removal by TMC and Aisan under the governing law (R & R at PageID.285-286, citing *Berera v. Mesa Medical Group, PLLC*, 779 F.3d 352, 363-66 (6th Cir. 2015), and *Beasley v. Personal Finance Corp.*, 279 B.R. 523, 531 (S.D. Miss. 2002)). The Magistrate Judge thus found that the dismissal of the remaining Defendants constituted "actual notice" that the case was removable and satisfied the "other paper" requirement articulated by federal statute (R & R at PageID.286.

Plaintiff disagrees with the Magistrate Judge's determination, but fails to show any legal or factual error. The Magistrate Judge's reasoning was sound and is fully supported by the governing law. Contrary to Plaintiff's argument, it was not "unfair" for the Court to rely on the facts of record, and apply the law accordingly.

Plaintiff's objection is denied. The Court adopts the Magistrate Judge's Report and Recommendation as the Opinion of this Court.

Plaintiff's Motion (ECF No. 19) seeks reconsideration of this Court's Order directing the Clerk of Court to terminate Defendants Toyota Motor North America, Inc.; Toyota Motor Corporation, LTD.; Toyota Motor Engineering & Manufacturing North America, Inc.; Toyota

Motor Sales, USA, Inc.; Toyota of Grand Rapids; Rostra Precision Controls, Inc.; Burdick Toyota; and Bosch Automotive Service Solutions Inc.[1] The Court finds no basis for reconsideration.

> Generally, and without restricting the discretion of the Court, motions for reconsideration which merely present the same issues ruled upon by the Court shall not be granted. The movant shall not only demonstrate a palpable defect by which the Court and the parties have been misled, but also show that a different disposition of the case must result from a correction thereof.

W.D. Mich. LCivR 7.4(a).

This Court properly terminated these Defendants based on the state court's orders and because Plaintiff failed to timely serve the Defendants, which by operation of law resulted in these Defendants being dismissed from the case without prejudice. Contrary to Plaintiff's argument (ECF No. 19 at PageID.347), jurisdiction over this case rests with this Court following a proper removal, and this Court's action is not subject to a "final decision" on Plaintiff's subsequent motions for reconsideration in state court.

Therefore:

**IT IS HEREBY ORDERED** that the Objection (ECF No. 16) is DENIED and the Report and Recommendation of the Magistrate Judge (ECF No. 14) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that the Motion to Remand (ECF No. 8) is DENIED.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Reconsideration is DENIED.

Dated: December 6, 2017

/s/ Janet T. Neff
JANET T. NEFF
United States District Judge

---

[1] The parties have each filed additional briefs in response to the motion for reconsideration, contrary to the local rule, which does not permit such responses. *See* W.D. Mich. LCivR 7.4(b) ("No answer to a motion for reconsideration will be allowed unless requested by the Court …."). The briefs are improper, but in any event, do not alter the Court's conclusion.