**FILED - GR**
March 29, 2018 2:07 PM
CLERK OF COURT
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY: ___mkc___  SCANNED BY: ᑎᑌᑕ\ᴤ\ᴣ|ˡᵇ

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GANIYU AYINLA JAIYEOLA

Plaintiff,

v.                                                    USDC Case No.: 1:17-cv-00562-JTN-ESC
                                                      LC Case No: 2016-S-32271-NP

TOYOTA MOTOR CORPORATION, a                           Judge Janet T. Neff
foreign corporation, and                              Magistrate Judge Ellen S. Carmody
AISAN INDUSTRY CO., LTD, a foreign
corporation,

                Defendants.

---

GANIYU AYINLA JAIYEOLA                    CARMEN M. BICKERDT (P62874)
(PRO SE)                                  BOWMAN AND BROOKE LLP
5397 Kalamazoo Ave SE                     Attorneys for Defendants Toyota Motor
Kentwood, MI 49508                        Corporation and Aisan Industry Co., Ltd
(616) 635-4025                            41000 Woodward Ave., Ste. 200 East
ganiyu.jaiyeola@gmail.com                 Bloomfield Hills, MI 48304
                                          248.205.3300 / 248.205.3399 fax
                                          carmen.bickerdt@bowmanandbrooke.com


                                          DAVID L. AYERS
                                          WATKINS & EAGER, PLLC
                                          Co-Counsel for Defendants Toyota Motor
                                          Corporation and Aisan Industry Co., Ltd
                                          400 East Capitol Street
                                          Jackson, MS 39201
                                          601.965.1900 ph / 601.965.1901 fx
                                          dayers@watkinseager.com

---

# APPEAL OF A MAGISTRATE JUDGE'S ORDER TO A DISTRICT JUDGE AS PER LCivR 72.3(a) (REGARDING THE DENIAL OF PLAINTIFF'S MOTION TO JOIN PARTIES)

Plaintiff Ganiyu Ayinla Jaiyeola ("Plaintiff") hereby appeals (per Local Civil Rule 72.3(a))

from the Order (ECF No. 69, PageID.1124) of Honorable Magistrate Judge Carmody issued on

March 23, 2018 (hearing was on March 19, 2018); regarding the denial of Plaintiff's Motion to

Join Parties in this case.  (See Exhibit A, Copy of Magistrate Judge Carmody's Order and

Electronic Mail Correspondences Between Plaintiff Ganiyu Jaiyeola and Magistrate Judge

Carmody's Staff).  In an oral opinion on the record, Magistrate Judge Carmody decided that she

would deny the motion because this Court had previously dismissed (See ECF No. 18) the same

Defendants (Defendants were dismissed in a different Motion).  Honorable Judge Neff dismissed

the same Defendants in Plaintiff's previous Motion to Remand (See ECF No. 28).  Plaintiff is

requesting the Court for a copy of the March 19, 2018 hearing transcript (See Exhibit A).

This is a motor vehicle product liability case in which Plaintiff (See Plaintiff's Complaint

- ECF No. 1-2, PageID.13-23) asserted claims for damages (against Toyota Motor Corporation

("TMC") and Aisan Industry Co., Ltd ("Aisan")) arising out of a motor vehicle sudden unintended

acceleration accident (involving Plaintiff's 1996 Toyota Camry LE car) that occurred on

November 25, 2013.  Plaintiff object to the Magistrate Judge's Order (ECF No. 69, PageID.1124)

for the following reasons:

1.      The State of Michigan Ionia County Circuit Court dismissed (without prejudice)

claims against the following originally named defendants in Plaintiff's Complaint: Toyota Motor

North America, Inc., Toyota Motor Engineering & Manufacturing North America, Inc., Toyota

Motors Sales U.S.A., Inc., Toyota of Grand Rapids, Rostra Precision Controls, Inc., Burdick

Toyota, and Bosch Automotive Service Solutions, Inc..  The Circuit Court issued the Dismissal

Order (dated June 12, 2017 - ECF No. 16-1, PageID.326) and an amended Dismissal Order (dated

August 3, 2017 - ECF No. 16-1, PageID.328).  Plaintiff got a second summons at the Ionia Circuit

Court because it requires a time-consuming process to serve Summons in Japan[1]. Miscommunication at the process serving company that Plaintiff used resulted in untimely service to some of the Plaintiffs' original Defendants. (See ECF No. 10-1, PageID.207-219, some email correspondences between Plaintiff and ABC Legal Services). The Defendants prematurely removed this case from the State of Michigan Ionia Circuit Court to this Federal Court on June 20, 2017 when this case was still not finally litigated at the State of Michigan level. Plaintiff still has Motions for Reconsideration (on the dismissed Defendants) pending at the State of Michigan Ionia County Circuit Court.

      2.     As noted by the Supreme Court, the Circuits, and Federal Courts; State laws are better decided by State Courts, but where a Federal Court must decide a State law then the Federal Court need to get certification from the relevant State Supreme Court; in this case the Michigan Supreme Court. This Court did not obtain certification from the Michigan Supreme Court when it dismissed (See ECF No. 18) the Defendants (that were dismissed (without prejudice) by the Ionia Circuit Court) in this case.

      3.     The statutes of limitations and repose have not expired on Plaintiffs' claims against the Defendants that Plaintiff wants to join. Some of Plaintiffs' injuries were just recently diagnosed or were just recently known to Plaintiff and many more injuries might show up with time due to the severity of the motor vehicle sudden unintended acceleration November 25, 2013 accident of Plaintiff's 1996 Toyota Camry LE. Plaintiff's spinal cord injury was diagnosed on October 23, 2017 and Plaintiff's left eye socket fracture was known to Plaintiff on January 30, 2018.

      This Honorable Court should Grant Plaintiff's appeal, Reverse the Magistrate Judge's Order, Grant Plaintiff's Motion to Join Parties (excluding Toyota of Grand Rapids – in order to

---

[1] https://travel.state.gov/content/travel/en/legal/Judicial-Assistance-Country-Information/Japan.html

keep the diversity in this case and therefore keep this case in this Court), and therefore, provide the trier of fact the opportunity to decide this case.

## TABLE OF CONTENTS

| | | | |
|---|---|---|---|
| **I.** | **INTRODUCTION**............................................................ | | Page 8 |
| **II.** | **STATEMENT OF FACTS**.................................................. | | Page 8 |
| **III.** | **ARGUMENT**.................................................................... | | Page 13 |
| | A. | Michigan Law in a Federal (U.S. District) Court............... | Page 13 |
| | B. | Product Liability Claims Stated in The Complaint | |
| | | Are Valid............................................................. | Page 14 |
| | C. | Michigan's Statutes of Limitations and Repose................. | Page 15 |
| **IV.** | **CONCLUSION**................................................................. | | Page 16 |

## AUTHORITIES

### Federal Rules

- Fed. R. Civ. P. 60(b)

### Statutes

- Mich. Comp. Laws § 600.5805(13)

### Case Law

- *Md. Cas. Co. v. Armco, Inc.*, 822 F.2d 1348 (4th Cir. 1987)

- *Cont'l Ins. Cos. v. Northeastern Pharm. & Chem. Co.*, 842 F.2d 977, 985-87 (8th Cir. 1988)

- *Bausch & Lomb Inc. v. Utica Mut. Ins. Co.*, 625 A.2d 1021 (Md. 1993)

- *Maryland Cas. Co. v. Armco, Inc.*, 822 F.2d 1352 (1987)

- *Farmland Indus., Inc. v. Republic Ins. Co.*, 941 S.W.2d 505, 510 (Mo. 1997)

- *DeWeerth v. Baldinger*, 38 F.3d 1266, 1272-75 (2d Cir. 1994)

- *Erie Railroad v. Tompkins*, 304 U.S. 64, 71 (1938)

- *Id.* at 78

- *Salve Regina Coll. v. Russell*, 499 U.S. 225 (1991)

- *West v. American Tel. & Tel. Co.*, 311 U.S. 223 (1940)

- *Sutherland v. DCC Litig. Facility, Inc.*, 2015 WL 716299 (6th Cir. 2015)

- *Conlin v. Mortg. Elec. Registration Sys., Inc.*, 714 F.3d 355, 358-59 (6th Cir. 2013)

- *Stein, et al. v. Regions Morgan Keegan Select, et al.*, 821 F.3d 780 (6th Cir. 2016)

- *CTS Corp. v. Waldburger*, 134 S. Ct. 2175 (2014)

- *Tenn. Consol. Coal Co. v. Kirk*, 264 F.3d 602 (6th Cir. 2001)

## Reviews

- Dolores K Sloviter, *A Federal Judge Views Diversity Jurisdiction Through the Lens of Federalism*, 78 VA. L. REV. 1671, 1675-77 (1992)

## Web References

- https://travel.state.gov/content/travel/en/legal/Judicial-Assistance-Country-Information/Japan.html

- http://www.legislature.mi.gov/(S(r3kwm5y0vubkqeeo4rasjant))/mileg.aspx?page=getObject&objectName=mcl-600-5805

- http://www.buckleylawgroup.com/articles/dri-repose-50-state-plus-dc-chart.pdf

## Books

- Black's Law Dictionary 1546 (9th ed. 2009)

## BRIEF

Plaintiff respectfully submits the brief below in support of Plaintiff's appeal.

## I.    INTRODUCTION

Plaintiff filed the Motion to Join Parties on February 12, 2018 (ECF No. 45), the Defendants properly filed opposition to Plaintiff's motion on February 26, 2018 (ECF No. 51).  Plaintiff filed a reply to the Defendants' response (ECF No. 59).  The Court Strike Plaintiff's reply.

"Pursuant to W.D. Mich LCivR. 7.3(c), "Reply briefs may not be filed without leave of Court." Plaintiff failed to seek the Court's permission to file the reply. Therefore, Plaintiff's reply (ECF No. 59) shall be stricken.".

(See ECF No. 60).

Plaintiff sought the Court's permission to file a reply brief (ECF No. 67 and ECF No. 67-1, PageID.1089-1122).  Plaintiff's Motions to Join Parties and permission to file reply brief were denied (ECF No. 69).

## II.   STATEMENT OF FACTS

This is a motor vehicle product liability case in which Plaintiff asserted claims for damages (against Toyota Motor Corporation ("TMC") and Aisan Industry Co., Ltd ("Aisan")) arising out of Plaintiff's 1996 Toyota Camry LE sudden unintended acceleration accident that occurred on November 25, 2013.  Plaintiff's Complaint (ECF No. 1-2, PageID.13-23) was originally filed at the Circuit Court for the County of Ionia in the State of Michigan on November 22, 2016.

The Circuit Court dismissed (without prejudice, ECF No. 16-1, PageID.326, PageID.328-331) the case against some of the original Defendants in Plaintiff's Complaint because they were not

8

timely served summons due to errors by a process serving company (ABC Legal Services, Inc., ECF

No. 10-1, PageID.205-219, Email Correspondences Between Plaintiff and ABC legal Services, Inc.).

The Circuit Court did not notify Plaintiff of the Defendants Dismissal Orders.  Plaintiff got copies of

the Dismissal Orders after Plaintiff contacted the Circuit Court and the Orders were emailed to

Plaintiff (ECF No. 21-4, PageID.370, ECF No. 21-5, PageID.372, Circuit Court Original Defendants

Dismissal Orders were Emailed to Plaintiff).   Plaintiff filed Motions for Reconsideration of the

Defendants Dismissal Orders (ECF No. 19-2, PageID.351-352).  The Circuit Court has not decided

on the Motions for Reconsiderations.

  The current Defendants prematurely filed a Notice of Removal of this case to this Court on

June 20, 2017.  (See ECF No. 1).  Plaintiff opposed the removal.  (See ECF Nos. 5, 7, 9, 10, 12).  On

June 30, 2017, Plaintiff filed a Motion to Remand (See ECF No. 8) and the Defendants opposed (See

ECF No. 11).   On July 26, 2017, Honorable Magistrate Judge Carmody issued a Report and

Recommendation to Deny Plaintiff's Motion to Remand (See ECF No. 14), Plaintiff objected (See

ECF No. 16), and the Defendants opposed Plaintiff's objection (See ECF No. 17).  On September 15,

2017, the Honorable Judge Janet T. Neff issued an Order (See ECF No. 18) terminating the original

Defendants that were not timely served summons when the case was before the Michigan State Ionia

Circuit Court.     The District Judge's Order (ECF No. 18) ignored Plaintiff's Motions for

Reconsideration (See ECF No. 16 paragraph 2, Plaintiff mentioned that the Reconsideration motions

filed at the Circuit Court were dated July 21, 2017 and August 8, 2017; and no decision from the Ionia

County Circuit Court) of the Circuit Court's Dismissal Orders.   Plaintiff filed a Motion for

Reconsideration (ECF No. 19) to the District Judge's Order (ECF No. 18), the current Defendants

opposed (ECF No. 20), and Plaintiff responded (ECF No. 21).  On December 6, 2017, the District

Judge issued an Opinion and Order (ECF No. 28) that states the following (in part):

"IT IS HEREBY ORDERED that the Objection (ECF No. 16) is DENIED and the Report and Recommendation of the Magistrate Judge (ECF No. 14) is APPROVED and ADOPTED as the Opinion of the Court.

IT IS FURTHER ORDERED that the Motion to Remand (ECF No. 8) is DENIED.

IT IS FURTHER ORDERED that Plaintiff's Motion for Reconsideration is DENIED."

(See ECF No. 28, the Motion for Reconsideration would be ECF No. 19 supported by Plaintiff's response to TMC and Aisan in ECF No. 21).

Plaintiff is within the scope of the State of Michigan Statutes of Limitations[2] and Repose[3]concerning his claims in this case. From the accident of November 25, 2013, the injuries that Plaintiff is aware of (to date) are the following: Chronic Subdural Hematoma (Brain injury), Cervical Stenosis With Mylopathy (Spinal Cord injury), Blowout Fracture of the Floor of the Left Orbit (Fractured left eye socket), Concussion, and Neuropsychological injuries. Plaintiff was diagnosed with Chronic Subdural Hematoma and Blowout Fracture of the Floor of the Left Orbit on December 25, 2013. (See Exhibit B, CT Head Without IV Contrast). Plaintiff was informed of the Subdural Hematoma on December 25, 2013 by the medical team at the Emergency Room of Spectrum Health Butterworth Hospital, Grand Rapids, Michigan. Plaintiff was informed (for the first time) of the Blowout Fracture of the Floor of the Left Orbit during Plaintiff's deposition by the Defendants on January 30, 2018. Defendants' Attorney (Mr. David Ayers, Deposition Examiner) provided the information on the Fracture of Plaintiff's left eye during questioning of Plaintiff.

> Q.     -- when you drive?
>
>          Have you ever boxed, boxing as a sport?
>
>          Have you ever --

---

[2] http://www.legislature.mi.gov/(S(r3kwm5y0vubkqeeo4rasjant))/mileg.aspx?page=getObject&objectName=mcl-600-5805

[3] http://www.buckleylawgroup.com/articles/dri-repose-50-state-plus-dc-chart.pdf

10

   A.  Boxing?

   Q.  -- been a boxer?

   A.  Never.

   Q.  Have you ever participated in martial arts?

   A.  Martial arts?

(See Exhibit C, Plaintiff's Deposition at p. 192:18-25).

   Q.  Like karate, something?

   A.  No.

   Q.  There's an indication in your medicals that you suffered a prior injury of orbital burst fracture for one of your eyes. When did that happen?

   A.  I'm hearing that for the first time from you.

   Q.  You didn't know that was in your medical records?

   A.  I don't, I didn't know that.

   Q.  Do you recall ever receiving a physical injury to one of your eyes before the crash?

   A.  No.

(See Exhibit C, Plaintiff's Deposition at p. 193:1-11).

   Q.  And, as I understand it, you have no explanation for there being an indication of an orbital burst fracture in one of your eyes?

(See Exhibit C, Plaintiff's Deposition at p. 194:23-25).

   A.  I do not.

   Q.  You told me that you didn't have any broken bones in this crash. Did you have any fracture or broken bones as a result of the November 2014 crash?

   A.  2014. I had no injury from the November '14 crash, 2014.

   Q.  No injury at all?

   A.  No injury.

(See Exhibit C, Plaintiff's Deposition at p. 195:1-8).

   "Page 195, Line 1. This should be

11

> that the orbital burst
> fracture in my left eye is due
> to the unintended acceleration
> accident of November 25, 2013
> as seen in the CT scan
> that was done on my head
> on December 25, 2013.  After
> the accident of November 25,
> 2013,  I had Conjunctivitis
> (Red eyes) in my left eye and
> scratches on the left side
> of my face."

(See Exhibit C, Plaintiff's Deposition, errata sheet after p. 251, Identified as "4", paragraph 1).

> "Page 195, Line 5-6. This should
> be That I had broken bones
> from the accident of November
> 25, 2013 but I had no injury
> from the accident of
> November 2014."

(See Exhibit C, Plaintiff's Deposition, errata sheet after p. 251, Identified as "4", paragraph 2).

Plaintiff had scratches (bruises) on the left side of his face and red eyes after the accident of November 25, 2013.  (See Exhibit D, Bruises on the Left side of Plaintiff's face and Redness in the Left Eye).

Plaintiff was first treated for Concussion on February 24, 2015 and for Neuropsychological injuries on March 13, 2015.  Plaintiff was diagnosed with Cervical Stenosis With Mylopathy (Spinal Cord injury) on October 23, 2017 by Dr. Mark Garwood of the Department of Neurology, University of Michigan, Ann Arbor.

## III.   **ARGUMENT**

### A.   **Michigan Law in a Federal (U.S. District) Court**

A Federal court is frequently called upon to determine matters of State law.  Federal Courts can make educated guesses as to how a State Supreme Court would decide an issue of State law.[4] Federal courts have often ruled on issues of State law only to be "corrected" subsequently by State Supreme Courts.[5]  A Federal Court that is required to resolve a State law question has three options: to answer or abstain or certify the question to the relevant State Supreme court.  In *Erie Railroad v. Tompkins*, 304 U.S. 64, 71 (1938),[6] the United States Supreme Court held that Federal Courts exercising diversity jurisdiction must apply the law of the forum state, whether that law "is declared by its Legislature in a statute or by its highest court in a decision"[7].  In other words, the United States Supreme Court mandated "that a federal court sitting in diversity apply the substantive law of the forum state, absent a federal statutory or constitutional directive to the contrary."  *Salve Regina Coll. v. Russell*, 499 U.S. 225 (1991) (citing *Erie*, 304 U.S. at 78).  In *West v. American Tel. & Tel. Co.*, 311 U.S. 223 (1940), the Sixth Circuit disregarded an intermediate State court decision, and the

---

[4] See Dolores K Sloviter, *A Federal Judge Views Diversity Jurisdiction Through the Lens of Federalism*, 78 VA. L. REV. 1671, 1675-77 (1992).

[5] Compare, e.g., *Md. Cas. Co. v. Armco, Inc.*, 822 F.2d 1348 (4th Cir. 1987) (predicting that, under Maryland law, costs incurred by cleaning up a site contaminated with hazardous wastes to comply with governing environmental law were not "damages" under the language of a standard comprehensive general liability insurance policy), and *Cont'l Ins. Cos. v. Northeastern Pharm. & Chem. Co.*, 842 F.2d 977, 985-87 (8th Cir. 1988) (en banc) [hereinafter NEPACCO], with *Bausch & Lomb Inc. v. Utica Mut. Ins. Co.*, 625 A.2d 1021 (Md. 1993) (holding that environmental cleanup costs did not constitute "damages," and finding that the Fourth Circuit misperceived Maryland law in stating that "'the term "damages" imports a distinctively legal meaning in insurance matters'" (quoting *Maryland Cas. Co. v. Armco, Inc.*, 822 F.2d 1352 (1987))), and *Farmland Indus., Inc. v. Republic Ins. Co.*, 941 S.W.2d 505, 510 (Mo. 1997) (finding that the Eighth Circuit had misperceived Missouri law in NEPACCO, and holding instead that environmental cleanup costs were "damages").
   Such correction will likely do little for the parties to the earlier federal proceeding once it becomes final. See, e.g., *DeWeerth v. Baldinger*, 38 F.3d 1266, 1272-75 (2d Cir. 1994) (holding that relief under Rule 60(b) of the Federal Rules of Civil Procedure from a previously entered judgment, which was based upon a federal court's prediction of state law, was not available even though an intervening decision by the state high court explicitly rejected the federal court's prediction of state law).

[6] *Erie Railroad v. Tompkins*, 304 U.S. 64, 71 (1938).

[7] *Id.* at 78.

Supreme Court reversed.  The Supreme Court held that the considered judgment of an intermediate

State appellate court is "state law," which Federal Courts must apply.  The Sixth Circuit agreed as

stated in *Sutherland v. DCC Litig. Facility, Inc.*, 2015 WL 716299 (6th Cir. 2015): "In resolving

issues of state law, the panel looks to "the final decisions of that state's highest court, and if there is

no decision directly on point, then we must make an *Erie* guess to determine how that court, if

presented with the issue, would resolve it." quoting *Conlin v. Mortg. Elec. Registration Sys., Inc.*, 714

F.3d 355, 358-59 (6th Cir. 2013)."

On September 15, 2017, the Honorable Judge Janet T. Neff issued an Order (See ECF No.

18) terminating the original Defendants that were not timely served summons when the case was

before the Michigan State Ionia Circuit Court.  The Judge accepted the Federal Magistrate Judge's

Report and Recommendation.  (See ECF No. 16).  This Court did not obtain certification from the

Michigan Supreme Court before its decision (See ECF No. 18) to terminate the original Defendants

that were not timely served summons (when the case was before the Michigan State Ionia Circuit

Court).  Plaintiff believes this Federal Court should have either abstained or certified the Defendants

dismissal question to the Michigan Supreme court.


### B.   Product Liability Claims Stated in The Complaint Are Valid

Plaintiff's product liability claims against all the defendants are valid and will be proved at trial.  The

Defendants cannot be the trier of fact.  The current Defendants use excerpts from Plaintiff's deposition

transcript to draw false conclusions about the validity of Plaintiff's product liability claims.  The

Defendants filed their opposition to Plaintiff's Motion to Join Parties on February 26, 2018, however,

Plaintiff did not "read and sign" (as Plaintiff agreed to on oath) the deposition transcript until March

7, 2018.

14

      **C.**    **Michigan's Statutes of Limitations and Repose**

Michigan's statute of limitations for a product liability action is three (3) years and Michigan's

statute for repose is 10 years.  Mich. Comp. Laws § 600.5805(13).  Plaintiff's accident occurred on

November 25, 2013.  Plaintiff bought his car new in 1995; therefore, Plaintiff used the car for 18 years

before the accident.  Plaintiff's claims are within the State of Michigan statute of repose.  Plaintiff

was aware of his Spinal cord injury on October 23, 2017 and his fractured left eye socket injury on

January 30, 2018.  In *Stein, et al. v. Regions Morgan Keegan Select, et al.*, 821 F.3d 780 (6th Cir.

2016), the Sixth Circuit did an overview of statutes of limitation and statutes of repose as explained

by the United States Supreme Court: ""a statute of limitations creates 'a time limit for suing in a civil

case, based on the date when the claim accrued.'" *Id.* (quoting Black's Law Dictionary 1546 (9th ed.

2009)).  However, a statute of repose "puts an outer limit on the right to bring a civil action," which is

"measured not from the date on which the claim accrues but instead from the date of the last culpable

act or omission of the defendant."" quoting from *CTS Corp. v. Waldburger*, 134 S. Ct. 2175 (2014).

"Our *Kirk* decision simply reiterates that it is not enough for a claimant to know of his disability;

rather, he must receive a diagnosis from a medical professional.".  *Tenn. Consol. Coal Co. v. Kirk*,

264 F.3d 602 (6th Cir. 2001).  The receipt of medical information by a claimant therefore triggers the

ticking of the statute of limitations.  Plaintiff's Spinal cord injury was diagnosed by Dr. Garwood and

communicated to him by Dr. Garwood on October 23, 2017 through the University of Michigan, Ann

Arbor, electronic portal system.  Plaintiff viewed the notification at 5:04 PM on October 23, 2017.

(See Exhibit E, October 23, 2017 letter stating that Dr. Garwood Diagnosed Spinal Cord injury in

Plaintiff and Plaintiff viewed the notification on October 23, 2017 at 5:04 PM).  Plaintiff believes the

statute of limitations on his Spinal cord injury started ticking on October 23, 2017.

      Plaintiff's fractured left eye injury was not known to Plaintiff until January 30, 2018 when

Plaintiff was deposed by the Defendants. The injury information was created (on December 25, 2013) by a medical professional at the Spectrum Health Butterworth Hospital, Grand Rapids, Michigan, but Plaintiff was not told about it. Plaintiff believes the statute of limitations on his left eye injury started ticking on January 30, 2018.

## IV.   **CONCLUSION**

For all the above reasons, Plaintiff respectfully ask this Court to Grant his Appeal, Reverse the Decision of the Magistrate Judge, and Grant Plaintiff's Motion to Join the following parties in this case: (1) Toyota Motor North America Inc., (2) Toyota Motor Engineering & Manufacturing North America, Inc., (3) Toyota Motor Sales, U.S.A., Inc., (4) Burdick Toyota, and (5) Rostra Precision Controls, Inc.

Respectfully submitted,

_____

GANIYU A. JAIYEOLA, Plaintiff

## CERTIFICATE OF SERVICE

I certify that on March 29, 2018, I personally filed this document with the Clerk of the Court at

the Clerk's office in Grand Rapids, Michigan. The Clerk of the Court will use the ECF system to

send notification of this filing to the following:

Carmen M. Bickerdt
Bowman and Brooke LLP
41000 Woodward Ave., Ste. 200 East
Bloomfield Hills, Michigan 48304
carmen.bickerdt@bowmanandbrooke.com

David L. Ayers
Watkins & Eager, PLLC
400 East Capitol Street
Jackson, Mississippi 39201
dayers@watkinseager.com

Respectfully submitted,

GANIYU A. JAIYEOLA, Plaintiff

17