UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GANIYU JAIYEOLA,

    Plaintiff,                                               Hon. Janet T. Neff

v.                                                       Case No. 1:17-cv-562

TOYOTA MOTOR CORP., et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendants' Motion for Summary Judgment, (ECF No. 226), and Plaintiff's Motion for Summary Judgment, (ECF No. 247). This action arises from an incident on November 25, 2013, in which Plaintiff was driving a 1996 Toyota Camry which allegedly "experienced a[n] unwanted sudden unintended acceleration," resulting in a motor vehicle accident. Plaintiff initiated this action in state court asserting various claims under Michigan law, but the matter was subsequently removed to this Court. The only defendants remaining in this case, Toyota Motor Corporation (TMC) and Aisan Industry Co., Ltd. (Aisan), now move for summary judgment. In accordance with 28 U.S.C. § 636(b), authorizing United States Magistrate Judges to submit proposed findings of fact and recommendations for resolution of dispositive motions, the undersigned recommends that Defendants' motion be **granted**, Plaintiff's motion be **denied**, and this matter **terminated**.

## SUMMARY JUDGMENT STANDARD

Summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.

R. Civ. P. 56(a).  A party moving for summary judgment can satisfy its burden by demonstrating "that the respondent, having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case."  *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005).  Once the moving party demonstrates that "there is an absence of evidence to support the nonmoving party's case," the non-moving party "must identify specific facts that can be established by admissible evidence, which demonstrate a genuine issue for trial."  *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006).

While the Court must view the evidence in the light most favorable to the non-moving party, the party opposing the summary judgment motion "must do more than simply show that there is some metaphysical doubt as to the material facts."  *Amini*, 440 F.3d at 357.  The existence of a mere "scintilla of evidence" in support of the non-moving party's position is insufficient.  *Daniels v. Woodside*, 396 F.3d 730, 734-35 (6th Cir. 2005).  The non-moving party "may not rest upon [his] mere allegations," but must instead present "significant probative evidence" establishing that "there is a genuine issue for trial."  *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006).

Moreover, the non-moving party cannot defeat a properly supported motion for summary judgment by "simply arguing that it relies solely or in part upon credibility determinations."  *Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353 (6th Cir. 2004).  Rather, the non-moving party "must be able to point to some facts which may or will entitle him to judgment, or refute the proof of the moving party in some material portion, and. . .may not merely recite the incantation, 'Credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof."  *Id.* at 353-54.  In sum, summary judgment is

appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Daniels*, 396 F.3d at 735.

While a moving party without the burden of proof need only show that the opponent cannot sustain his burden at trial, a moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002). Where the moving party has the burden, "his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986). The Sixth Circuit has emphasized that the party with the burden of proof "must show the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it." *Arnett*, 281 F.3d at 561. Accordingly, summary judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

## ANALYSIS

In his complaint, Plaintiff has asserted five separate causes of action under Michigan law: (1) negligent production; (2) breach of implied warranty; (3) gross negligence; (4) breach of express warranty; and (5) failure to warn. While Plaintiff's claims sound in common law tort principles, Michigan has enacted product liability legislation which "established certain evidentiary standards for a product liability action." *Duronio v. Merck & Co., Inc.*, 2006 WL 1628516 at *2 (Mich. Ct. App., June 13, 2006). Under Michigan law, a "product liability action" is defined as "an action based on a legal or equitable theory of liability brought for the death of a

person or for injury to a person or damage to property caused by or resulting from the production of a product." *Tuck v. Wixom Smokers Shop*, 2017 WL 1034551 at *2 (Mich. Ct. App., Mar. 16, 2017) (quoting Mich. Comp. Laws § 600.2945). Defendants argue that Plaintiff's claims all satisfy this statutory definition of a "product liability action." Plaintiff expressly acknowledges that such is the case. (ECF No. 242 at PageID.5475).

A plaintiff asserting a product liability action under Michigan law "may proceed under either a negligence or warranty theory, but must demonstrate that the defendant supplied a product that was defective and that the defect was the cause of the injury." *Tuck*, 2017 WL 1034551 at *2. Plaintiff alleges that his injuries were caused by a specific product defect, "an unsymmetrical design defect of the ribs on the Air Cleaner Hose" of his vehicle. (ECF No. 242 at PageID.5474-75). Because the alleged defect in question "presents technical issues that are beyond the common experience and understanding of the common juror," Plaintiff is obligated to support his claims with relevant expert testimony. *See, e.g., Dow v. Rheem Mfg. Co.*, 2011 WL 4484001 at *22 (E.D. Mich., Sept. 26, 2011); *Lawrenchuk v. Riverside Arena, Inc.*, 542 N.W.2d 612, 614 (Mich. Ct. App. 1995) (same).

Plaintiff, however, has failed to submit any expert testimony or expert evidence in support of his claims. In fact, the only "evidence" which Plaintiff cites in support of his claims is his own "expert report" which the Court has held is inadmissible. (ECF No. 183, 245). In sum, Plaintiff has failed to present or identify any admissible evidence creating a genuine factual dispute necessitating a trial. Accordingly, the undersigned recommends that Defendants' motion be granted and Plaintiff's motion be denied.

4

**CONCLUSION**

For the reasons articulated herein, the undersigned recommends that <u>Defendants' Motion for Summary Judgment</u>, (ECF No. 226), be **granted**; <u>Plaintiff's Motion for Summary Judgment</u>, (ECF No. 247), be **denied**; and this matter **terminated**.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice.  28 U.S.C. § 636(b)(1)(C).  Failure to file objections within the specified time waives the right to appeal the District Court's order.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Dated: December 6, 2018

 /s/ Ellen S. Carmody
ELLEN S. CARMODY
United States Magistrate Judge