UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GANIYU AYINLA JAIYEOLA,

 Plaintiff,

v.

                Case No. 1:17-cv-562

TOYOTA MOTOR NORTH
AMERICA, INC., et al.,

                HON. JANET T. NEFF

 Defendants.
_____/

**OPINION AND ORDER**

  This matter is before the Court on Plaintiff's Appeal (ECF No. 252) of a Magistrate Judge order denying reconsideration, and Plaintiff's Objections (ECF No. 291) to a Report and Recommendation of the Magistrate Judge, recommending that Plaintiff's Motion for Summary Judgment be denied; Defendants' Motion for Summary Judgment be granted; and this case be terminated. Plaintiff has also since filed nine additional various motions, including for further reconsideration and sanctions. The Court has reviewed the Magistrate Judge's order for error and has performed de novo consideration of those portions of the Report and Recommendation to which objection has been made. *See* 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3). The Court denies the Appeal and the Objections. None of Plaintiff's various subsequent motions affect this result, and they are therefore denied as moot. This case is properly terminated.

I. Plaintiff's Appeal

  Plaintiff appeals the Magistrate Judge's order denying Plaintiff's motion for reconsideration of Plaintiff as an expert witness in this case. This Court will reverse an order of

the Magistrate Judge only where it is shown that the decision is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); *see also* FED. R. CIV. P. 72(a); W.D. Mich. LCivR 72.3(a). "'A finding is 'clearly erroneous' when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *United States v. Mabry*, 518 F.3d 442, 449 (6th Cir. 2008) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)).

The Magistrate Judge denied reconsideration of her decision that Plaintiff's Rule 26 disclosure of himself as an expert witness was untimely and that Plaintiff is precluded from testifying in this matter as an expert witness. Plaintiff asserts that the Magistrate Judge "got the facts" wrong on "Plaintiff's untimeliness" because Plaintiff was not required to formally file his Rule 26 disclosures (ECF No. 252 at PageID.6126). Nonetheless, Plaintiff acknowledges that he was untimely in identifying himself as an expert, and argues his untimeliness was harmless (*id*. at PageID.6130).

Plaintiff has failed to show that the Magistrate Judge's order was clearly erroneous or contrary to law and that Defendants were not prejudiced by his untimeliness. As set forth in Defendants' Response (ECF No. 272), the Magistrate Judge's decision is fully supported by the record. The Magistrate Judge noted that Plaintiff conceded his Rule 26(a)(1) disclosures were untimely, but argued that Defendants were not prejudiced by Plaintiff's untimely attempt to identify himself as an expert witness (ECF No. 245 at PageID.5716). The Magistrate Judge further noted that Plaintiff's untimely disclosure did not comply with the requirements of Rule 26, and that the disclosure must be accompanied by a written report, as expressly required in the Case Management Order (*id*.). Plaintiff's failure to provide the requisite expert report was prejudicial to Defendants (*id*. at PageID.5717). Moreover, Plaintiff's failure to provide the written report was

continuing, and therefore the prejudice to Defendants continued (*id*.). The Magistrate Judge properly denied reconsideration—Plaintiff failed to "demonstrate a palpable defect by which the Court and the parties have been misled" and, that "a different disposition of the case must result from a correction thereof." W.D.Mich. LCivR 7.4(a) (*see* ECF No. 245 at PageID.5716).

Plaintiff makes additional arguments, such as that the Magistrate Judge erred in treating Defendants' objection to Plaintiff identifying himself as an expert, as a motion, but none of these arguments change the outcome. Plaintiff's Appeal is denied.

## II. Plaintiff's Objections

After lengthy proceedings in this case, the Magistrate Judge issued a Report and Recommendation, recommending that Defendants' motion for summary judgment be granted and Plaintiff's motion for summary judgment be denied. The Magistrate Judge determined that Plaintiff's claims, for (1) negligent production; (2) breach of implied warranty; (3) gross negligence; (4) breach of express warranty; and (5) failure to warn, were in effect, a product liability action, as Plaintiff acknowledged (ECF No. 260 at PageID.6189-6190). However, Plaintiff had failed to submit any expert testimony or expert evidence in support of his claims, as required to maintain a product liability action under Michigan law (*id*. at PageID.6190). The only "evidence" cited by Plaintiff was his own "expert report," which was held inadmissible (*id*.). Thus, Plaintiff had failed to present or identify any admissible evidence creating a genuine factual dispute necessitating a trial, and Defendants were entitled to summary judgment (*id*.).

Plaintiff sets forth four objections to the Report and Recommendation: (1) the Magistrate Judge should have recused herself from this case before the Report and Recommendation was filed; (2) the Report and Recommendation was premature because it was filed before many of Plaintiff's pleadings; (3) the Magistrate Judge failed to properly apply the summary judgment

3

standards in analyzing the parties' cross-motions; and (4) the Magistrate Judge denied Plaintiff's his due process rights by not applying any legal standard or analysis to back up the recommendation that this case be "terminated." None of the arguments raised by Plaintiff in his objections undermines the Magistrate Judge's analysis or conclusion that Plaintiff's substantive legal claims fail as a matter of law.

As set forth in Defendants' Response, nothing of record establishes personal bias or prejudice such that the Magistrate Judge was required to recuse herself from this case. At most, Plaintiff takes issue with the Magistrate Judge's adverse rulings. "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994); *see Traficant v. C.I.R.*, 884 F.2d 258, 267 (6th Cir. 1989). Further, Plaintiff fails to show how any pleadings he submitted—that allegedly were filed by the Clerk after the Report and Recommendation or that were not considered by the Magistrate Judge—change the outcome of the substantive legal claims or denied him due process with respect to the cross-motions for summary judgment.

This Court finds no merit in Plaintiff's argument that the Magistrate Judge failed to properly apply the standards for summary judgment. The Magistrate Judge set forth, and correctly applied, the summary judgment standards in the Report and Recommendation (*see* ECF No. 260 at PageID.6188-6189). The Magistrate Judge properly determined that there was no "genuine factual dispute necessitating a trial" (*id*. at PageID.6190). Plaintiff's mere disagreement with the outcome does not establish a valid objection. Finally, Plaintiff's objection to the termination of this case likewise is without merit. Having determined that Plaintiff's legal claims fail, and Defendants are entitled to summary judgment, this case is properly terminated.

The Magistrate Judge's decision is sound and is supported by the record and the governing law.  Therefore, the Court denies the Objections and adopts the Magistrate Judge's Report and Recommendation as the Opinion of this Court.

To the extent that Plaintiff relies on his *in forma pauperis* status in further litigating this case, the Court also certifies pursuant to 28 U.S.C. § 1915(a)(3), that an appeal of this Judgment would not be taken in good faith.  *See McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997), overruled on other grounds by *Jones v. Bock*, 549 U.S. 199, 206, 211-12 (2007).

### III.  Plaintiff's Motions

Plaintiff has filed numerous motions for leave to seek reconsideration of rulings in this case, as well as for sanctions, to make additional filings, and to strike Defendants' filings subsequent to the Report and Recommendation.  This case has been thoroughly litigated and properly decided on the record.  None of Plaintiff's pending motions affect the outcome and they are therefore denied as moot.

A Judgment will be entered consistent with this Opinion and Order.  *See* Fed. R. Civ. P. 58.

Therefore:

**IT IS HEREBY ORDERED** that Plaintiff's Appeal (ECF No. 252) is DENIED.

**IT IS FURTHER ORDERED** that Plaintiff's Objections (ECF No. 291) are DENIED, and the Report and Recommendation of the Magistrate Judge (ECF No. 260) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Plaintiff's various subsequent Motions (ECF Nos. 264, 265, 266, 268, 277, 279, 281, 283, 285) are DENIED as moot.

**IT IS FURTHER ORDERED** that this Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of this decision would not be taken in good faith.

**IT IS FURTHER ORDERED** that Plaintiff is placed on notice that this case is now TERMINATED upon entry of this Opinion and Order and the Judgment, and if Plaintiff files motions, notices or other documents that lack any appropriate legal and/or factual basis after this case is terminated, such filings will be summarily denied or rejected by the Court.

Dated: August 5, 2019  /s/ Janet T. Neff
JANET T. NEFF
United States District Judge